1  David E. Stanley (SBN 144025)
   Email: dstanley@reedsmith.com
2  Mildred Segura (SBN 210850)
   Email: msegura@reedsmith.com
3  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
4  Los Angeles, CA 90071-1514
   Telephone:    213.456.8000
5  Facsimile:    213.457.8080

6  Attorneys for Allergan, Inc. and Allergan USA, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRILEE DADAOS and JAMES DADAOS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ALLERGAN, INC.; ALLERGAN USA, INC.; AND DOES 1-60,<br><br>　　　　　Defendants. | Case No.  3:22-cv-2394<br><br>**DEFENDANTS ALLERGAN, INC. AND ALLERGAN USA, INC.'S NOTICE OF REMOVAL**<br><br>Removed from Superior Court of California, County of Sonoma, Case No: SCV-270446<br><br>**Compl. Filed:**　　March 22, 2022 |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Allergan, Inc. and Allergan USA, Inc. ("Allergan" or "Defendants") hereby remove this action captioned, *Merrilee Dadaos and James Dadaos v. Allergan, Inc. et al.*, from the Superior Court of California, County of Sonoma to the United States District Court for the Northern District of California. Complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs. Allergan fully reserves any and all defenses, objections, and exceptions, including but not limited to objections to improper process, improper service of process, lack of personal jurisdiction, improper venue, statute of limitations, and failure to join and/or misjoinder of parties.

In support of removal, Allergan further states:

## I. PROCEDURAL BACKGROUND AND RELEVANT FACTS

1. On March 22, 2022, a civil action was commenced by Plaintiffs Merrilee and James Dadaos in the Superior Court of California, County of Sonoma by the filing of a Complaint captioned, *Merrilee Dadaos and James Dadaos v. Allergan, Inc. et al.*, Case No. SCV-270446.

2. This product liability action involves allegations that Plaintiff Merrilee Dadaos was injured by Allergan's "Natrelle 410 Highly Cohesive Anatomically Shaped Silicone-Filled Breast Implants."

3. A federal multidistrict litigation with similar allegations involving Allergan's textured breast implants is pending in the United States District Court for the District of New Jersey, Case No. 2:19-md-2921, before the Honorable Brian R. Martinotti ("MDL 2921"). Allergan intends to immediately file a Notice of Tag-Along of this action in accordance with the procedural rules of the Judicial Panel on Multidistrict Litigation. This case will then be conditionally transferred to MDL 2921.

## II. NOTICE OF REMOVAL IS TIMELY

4. As of the filing of this Notice of Removal, service of process has been effected on Allergan USA, Inc. and Allergan, Inc. on March 24, 2022. Therefore, this Notice of Removal is timely filed within the period required by 28 U.S.C. § 1446(b)(2)(B).

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1332 and 1441. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this action because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

6. The United States District Court for the Northern District of California comprises the county in which this matter is now pending (Sonoma County) and thus, pursuant to 28 U.S.C. § 84 venue is proper.

### a. There is Complete Diversity of Citizenship

7. There is complete diversity of citizenship between Plaintiffs and Defendants.

8. Allergan, Inc. is incorporated under the laws of Delaware, with its principal place of business in Illinois.

9. Allergan USA, Inc. is also incorporated under the laws of Delaware with its principal place of business in Illinois.

10. Therefore, no Defendants are citizens of California and there is complete diversity of citizenship between Plaintiffs and Defendants.

### b. The Amount in Controversy Requirement is Satisfied

11. Here, the sum demanded in the initial pleading is not conclusive of the amount in controversy, because California law does not permit a plaintiff to demand a specific sum in personal injury cases. Cal. Civ. Proc. § 425.10(b) ("[W]here an action is brought to recover actual or punitive damages for personal injury or wrongful death, the amount demanded shall not be stated[.]"). Nonetheless, the Court may look to the Notice of Removal for evidence of the amount in controversy. 28 U.S.C. § 1446(c)(2). Moreover, a "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014). Given the severity and type of injuries alleged in Plaintiffs' Complaint, it is apparent from the face of the Complaint that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

12. Plaintiffs allege that Mrs. Dadaos was implanted with Allergan Natrelle 410 Highly Cohesive Anatomically Shaped Silicone-Filled Breast Implants on October 6, 2015.  Compl. at 4. Plaintiffs claim that by October 2021, Mrs. Dadaos developed "significant swelling and pain in her breasts." *Id.*  She was then diagnosed with Breast Implant-Associated Anaplastic Large Cell Lymphoma (BIA-ALCL).  *Id.*  Mrs. Dadaos had her Natrelle implants explanted on November 28, 2021.  *Id.*  She subsequently underwent "radiology, oncology, breast surgery, and plastic surgery treatment." *Id.*

13. Plaintiffs allege that Allergan was "negligent and failed to use reasonable care in [its] design, manufacture, sale, marketing, distribution, of the Allergan Natrelle 410 Highly Cohesive Anatomically Shaped Silicone-Filled Breast Implants." *Id.*  Plaintiffs also claim that as a "direct and proximate result of [Allergan's] negligence, plaintiff developed BIA-ALCL.  Plaintiff sustained significant personal injury as a result of developing BIA-ALCL." *Id.*

14. Plaintiffs allege claims against Allergan for General Negligence (Count I); Products Liability Strict Liability Design Defect (Count II); Products Liability Strict Liability Manufacturing Defect (Count III); Products Liability Breach of Warranty (Count IV); and Loss of Consortium on behalf of Mr. Dadaos (Count V).

15. Plaintiffs demand damages for lost wages, hospital and medical expenses, loss of earning capacity, loss of consortium, general damages, and all other damages according to proof. Compl. at 3.

16. The Ninth Circuit has acknowledged that jury verdicts in similar cases are proper evidence of the amount in controversy.  *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *accord Republic Bag, Inc. v. Beazley Ins. Co.*, 804 F. App'x 451, 453 (9th Cir. 2020). Likewise, the Ninth Circuit has affirmed a jury verdict totaling $7,340,000 in a breast implant product liability action.  *See generally Hopkins v. Dow Corning Corp.*, 33 F.3d 1116 (9th Cir. 1994) (affirming a jury award of $840,000 in compensatory damages and $6,500,000 in punitive damages after plaintiff required two different sets of implants manufactured by defendant due to complications after surgery, and ultimate diagnosis of connective tissue disorder which plaintiff alleged was caused by the implants).

17. Outside of the Ninth Circuit, similar cases have resulted in jury verdicts significantly surpassing the amount in controversy threshold. *See Haltom v. Medical Engineering Corporation*, 2000 WL 33956772 (August 17, 2000) (jury awarded a $4,500,000 verdict in a case involving defective breast implant that ruptured, requiring removal of both implants); *see also Bezanis v. Surgitek/Med. Eng'g Corp.* 93 C 4107, 1993 WL 496820, at *3 (N.D. Ill. Nov. 29, 1993) (granting $450,000 default judgment to plaintiff in product liability breast implant case in which plaintiff underwent several surgical procedures).

18. As such, it is plausible that the fact finder in the current action may conclude that damages are greater than the requisite amount, and the amount in controversy requirement is satisfied. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

**IV.   PROCEDURAL REQUIREMENTS FOR REMOVAL**

16. Allergan will file a copy of this Notice of Removal with the Clerk of the Superior Court of California, County of Sonoma, the state court in which this action is currently pending, as required by 28 U.S.C. § 1446(d).

17. Upon information and belief, none of the Doe Defendants have been named and served; thus, Allergan does not need the consent of the Doe Defendants to remove this action. *See* 28 U.S.C. § 1446(b)(2)(A).

18. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is attached hereto as Exhibit A. A copy of the docket summary, as of the date of the filing of this Notice is attached as Exhibit B. Copies of all service of process that Allergan has received as of the date of the filing of this Notice is attached as Exhibit C.

WHEREFORE, Allergan, pursuant to 28 U.S.C. § 1441, respectfully moves this action from the Superior Court of California, County of Sonoma, to the United States District Court for the Northern District of California.

//

//

1  Dated: April 18, 2022                           **REED SMITH LLP**

/s/ *David Stanley*
David E. Stanley
*Attorneys for Allergan, Inc. and Allergan USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April, 2022 a true and correct copy of this Notice of Removal was served upon counsel of record electronically and by depositing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery to the following:

Brendan M. Kunkle
John M. Sanford
Abbey, Weitzenberg, Warren and Emery
100 Stony Point Road, Suite 200
Santa Rosa, CA 95401
Attorneys for Plaintiffs

/s/ David E. Stanley
David E. Stanley
*Attorneys for Allergan, Inc. and Allergan USA, Inc.*